W. T. and J. K. REDMOND *v* JOHN BURROUGHS Ex'r. and others

A testator bequeathed to a certain boy $2,000, to be put at interest for the purpose of educating him; and having survived the making of his will twelve years, the boy (who in the interval had received little or no eduaction) at his death was a married man of about twenty-four years of age: *held*, that the legatee was entitled to the legacy, and that the fact, that during his boyhood he refused to go to school, made no difference.

The devisee of a tract of land, which, by direction of the testator, had been levied upon to satisfy a debt, and was still bound by the levy at the death,—having paid the debt, was entitled to be subrogated to the claim of the creditor against the personal estate of the testator.

" Next of kin," in a will, means *nearest* of kin.

(*Jones* v. *Oliver*, 3 Ire. Eq. 369; *Simmons* v. *Gooding*, 5 Ire. Eq. 382, cited and approved.)

BILL, for certain legacies, dismissed, *pro forma*, by *Tourgee*, *J.*, at Fall Term 1868, of the Court of Equity for ORANGE; whereupon the plaintiffs appealed.

The bill alleged that one William N. Pratt, late of Orange county had died in 1867, leaving a large estate of personalty and realty which he disposed of by a will dated in 1855, and duly proved by the defendant Burroughs as executor; that by the will, among other things he gave to the plaintiff W. T. Redmond, several tracts of land, a gold watch and other articles of personal property, and also (as follows) " the sum of $2,000, to be put at interest for the purpose of giving him a classical education. It is my desire that said $2,000 shall be thus expended, and that he shall take his course at the University of North Carolina. The residue of my estate, I leave to be sold and the proceeds to be divided between my next of kin, share and share alike, with the exception that Caroline Barbee shall share equally in the aforesaid proceeds with my next of kin;" that before the testator's death an execution had been levied upon the land devised to W. T. Redmond, which having been exposed to sale after his death under a *ven. ex.*, the devisee bid it off at the amount of the debt,—and upon that account is entitled to be reimbursed out of the residue of the personal estate of the testator, under the doctrine of subroga-

W. T. AND J. K. REDMOND *v.* BURROUGHS *et. al.*

tion; that the executor refuses to pay said W. T. Redmond the $2,000 bequeathed as above; that the legatee was a boy of about eleven years of age when the will was written, and is now about twenty-four, and a married man, having in the interval received only a common English education; that the executor also refuses to deliver certain horses and other legacies of personal property bequeathed to the plaintiffs.

The defendant Burroughs answered, admitting the material allegations of the bill, and insisted that the plaintiff W. T. Redmond, is not entitled to the $2,000, because he is now past the age at which it could be applied as intended, and besides that whilst a boy he had refused to be educated, and had run away from a classical school to which the testator had sent him.

Some of the other parties raised a question (preliminary to the taking of the accounts of the estate) upon the meaning of the word " next of kin," in the residuary clause of the will.

*Phillips & Battle*, for the plaintiffs, cited *Whedbee* v. *Shannonhouse*, Phil. Eq. 283.

*W. H. Battle*, for some of the defendants.

1. W. T. Redmond is not entitled to the $2,000. *Lefler* v. *Rowland*, Phil. Eq. 143; *Livermore* v. *Carter*, 4 Ire. Eq. 59, compared with *Harris* v. *Hearne*, 2 Win. 92.

2. The words "next of kin" include all who are such by representation. Technical words are to be taken in a technical sense, unless the context show to the contrary. *Rogers* v. *Brickhouse*, 5 Ire. Eq. 304; *Grandy* v. *Sawyer*, Phil 9; *Cooper* v. *Cannon, Ib.* 83; *Harrison* v. *Ward*, 5 Ire. Eq. 236. The cases, *Jones* v. *Oliver*, 3 Ire. Eq. 369; *Simmons* v. *Gooding*, 5 Ire. Eq. 382; *Elmsley* v. *Young*, 2 Myl. & K., 780, are only in appearance to the contrary. See also *Davenport* v. *Hassel*, Bus. Eq. 29, and 2 Jarm. Wills, 45, 46.

*Bragg*, for others of the defendants.

1. " Next of kin" means, nearest of kin; *Jones* v. *Oliver, Simmons* v. *Gooding, Harrison* v. *Ward, above.*

2. As to W. T. Redmond's legacy for education, *Livermore* v. *Carter, above,* and *Holt* v. *Hogan,* 5 Ire. Eq. 82.

READE, J. 1. The testator bequeathed to "W. T. Redmond $2,000, to be put at interest for the purpose of giving him a classical education" with the direction "that said $2,000 shall be expended, and that he shall take his course at the University of North Carolina."

W. T. Redmond was some eleven years of age at the date of the will, and the testator lived some ten or twelve years thereafter. W. T. Redmond never received the education designed for him (although the testator did send him to school until he received the rudiments of an English education,) and the $2,000 was never expended. He is now a grown man with a family. And thence the defendants insist that as the *sole* purpose of the bequest was to educate W. T. Redmond, and as that purpose cannot now be effected, the bequest fails. There would be much force in this view, if there were any limitation over of the legacy upon the failure to effect the purpose of the testator; but there is none. The gift is absolute; with the request, to be sure, that it shall be used in a way most to the advantage of the legatee in educating him. But as it has not been used in the *most* advantageous way, is that a good reason why it shall not be used for him in any way? Or, that he shall be deprived of it altogether? We are of the opinion that he is entitled to it.

We do not overlook the fact that the defence is set up that the legatee would not receive the education. At the same time that this defence is set up in the answer, it is stated that it was impracticable for him to receive it, on account of his age and condition. If that be so, then it is the very best reason why he did not receive it, and why he should now have the money. The fact that he was placed at school by the testator in his life time, and that he left school of his own accord without completing his education, makes no difference, because he should have been controlled, and, while a minor, is supposed to have been controlled by his parent; and especially because

the will speaks as of the time when the testator died, and is to the same purpose as if it had been dated at that time, and the bequest made to take effect thereafter.

II. There is also a devise of a certain tract of land to W. T. Redmond, which, by the direction of the devisor was levied on under an execution against himself, and after his death, W. T. Redmond bought the land at the execution sale to relieve it of the incumbrance. And now he seeks to be subrogated to the rights of a creditor, and to have the amount which he advanced paid out of the personal estate or out of the residuum. We are of the opinion that he is entitled to be subrogated. It would not have been so, if it had been, not only levied upon, but *sold* in the life-time of the devisor.

III. The testator bequeathed the "residuum of his estate to be sold, and the proceeds to be divided between his next-of-kin, share and share alike, with the exception that Caroline Barbee shall share equally in the proceeds with his next-of-kin."

The question raised upon that clause, is, what is meant by " *next-of-kin* ?" Next-of-kin in common parlance means *nearest* of kin, and such has been decided to be its meaning in legal parlance, and where used in wills. *Jones* v. *Oliver, et. al.* 3 Ire. Eq. 369; *Simmons* v. *Gooding,* 5 Ire. Eq. 382.

If this is the meaning of the words, then the living nieces and nephews of the testator together with Caroline Barbee, take the residuum, to the exclusion of the representatives or children of deceased nieces and nephews. But it was insisted by Mr. Battle, that, when technical words are used, they are to be understood in a technical sense, unless the contrary clearly appears. That is certainly true. And thence he insists, that *next-of-kin* are technical words used in the Statute of Distributions, to denote those who take the estate in cases of intestacy, and that if the testator had died intestate, and his estate had been distributed among his next-of-kin, the children of deceased nieces and nephews would have taken with the living nieces and nephews. If *next-of-kin* were the technical words so used in the statute, it would be difficult to resist the argu-

ment. But there lies the error. *Next-of-kin* are not the words used in said statute to denote those who take. If they were, then only the living nieces and nephews would take as being *next, nearest-of-kin,* as between them and the children of deceased nieces and nephews. But the words used are not *next-of-kin,* but "next-of-kin who are in equal degree, and those *who legally represent them.* " It will be seen, therefore, that to bring the terms used in the will within the technical words used in the statute of distributions, the words, " and those who legally represent them " would have to be added. We are of the opinion that the terms used in the will, " next-of-kin, " mean nearest of kin, and that the living nieces and nephews take, to the exclusion of the legal representatives of deceased nieces and nephews.

IV. The plaintiffs are entitled to the other legacies named in the will, if they have not already been delivered to them since the death of the testator, as there is no evidence of their ademption in the life-time of the testator.

The plaintiffs are entitled to an account, if desired, and it will be referred to the clerk for that purpose, and the cause will be retained for father directions.

PER CURIAM.                  Decree accordingly.