**Charles A. Larson, Administrator, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.**

### Gen. No. 5443.

DAMAGES—*when instruction in action for death caused by wrongful act erroneous.* It is error to authorize the jury to render damages with respect to pecuniary loss for the benefit of those as to whom pecuniary loss is not presumed in the absence of proof that pecuniary loss was sustained.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1910. Reversed and remanded. Opinion filed April 6, 1911.

JACKSON, HURST & STAFFORD, for appellant; M. L. BELL, of counsel.

GEORGE W. WOOD, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

In this action brought to recover damages resulting from the death of Albert V. Erickson, who was alleged to have been killed upon the crossing of a public highway known as 25th street in the city of Moline, which death was alleged to be due to the negligence of the railway company in its manner of running and backing an engine over said highway crossing, and in obstructing the view of said approaching engine by cars standing in the highway, plaintiff had a verdict and a judgment for $6,000. This is an appeal by the railway company.

It was sharply disputed at the trial whether defendant was negligent as charged, whether 25th street extended across said railway, and whether, if so, it was not confined to a width of sixteen feet or less, and, if so, whether said standing cars were within the limits of the highway, and whether deceased was exercising due care. We deem it unwise to discuss those questions upon this appeal, for the reason that the evidence relating thereto may be different at another trial, which must be allowed for other reasons.

The first count of the declaration alleged that said Albert V. Erickson left him surviving Emma M. Erickson, his widow and next of kin, who is still living, and that by reason of the death of Albert V. Erickson said Emma M. Erickson has been and is deprived of her means of support. The other counts contained substantially the same averments. The proof showed that deceased was forty-nine years old at the time of his death; that he left no child surviving him, but left Emma M. Erickson, his widow, his mother about eighty years of age, and a brother and a sister, and that deceased and his brother, sister and mother owned undivided interests in a farm of eighty acres left them

upon the death of the father of deceased. There was no proof whether the mother and brother and sister were or were not in any way dependent upon deceased for support. In this state of the pleadings and proofs, appellee requested instruction No. 2, to the effect that if the jury found for plaintiff, then plaintiff was entitled to recover for the benefit of the widow what the jury deemed from all the evidence a fair and just compensation for whatever pecuniary damages, if any, the evidence showed the widow had sustained by reason of the death of said deceased. The court modified this instruction by striking out the word "widow" and inserting in lieu thereof the words "next of kin of said deceased." Appellee also requested instruction No. 3 to the effect that if the jury found the issue for the plaintiff, and if the jury found that the widow of Albert V. Erickson, deceased, had sustained damages as charged in the declaration, then, to enable the jury to estimate the amount of the damages, it was not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury must make such estimate from the facts and circumstances shown by the evidence, considered in connection with the jury's knowledge, observation and experience in the ordinary affairs of life. The court changed the word "must" to "may," and also struck out the word "widow" and inserted in lieu thereof the words "next of kin." These instructions were given as modified. Appellee excepted to the modifications, and appellant excepted to the instructions as given. There were no other instructions upon these subjects.

This action is brought under chapter 70 of the Revised Statutes, section 2 of which provides that the action shall be brought in the name of the personal representative of the deceased; that the amount recovered shall be for the exclusive benefit of the widow and next of kin of deceased, and shall be distributed to such

widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate; and that in such action the jury may give such damages as they deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to such wife and next of kin of such deceased person. The words "next of kin" are limited in legal meaning, as in common use, to blood relations. Haraden v. Larrabee, 113 Mass. 430. There was no proof that Emma M. Erickson was any blood relation to her husband, Albert V. Erickson. A wife is not next of kin to her husband by virtue of the marriage relation. Townsend v. Radcliffe, 44 Ill. 446; Lockwood v. Moffett, 177 Ill. 49; 2 Bouvier's Law Dict., Title "Next of Kin." Where there is a widow of one dying intestate, and no child or descendants of a child, the whole of the personal estate descends to the widow. R. S., chap. 39, sec. 1, par. 3. Therefore, the question which the court should have submitted to the jury, in case plaintiff recovered, was the amount which would justly compensate the widow for the pecuniary injuries resulting from such death; and nothing could be allowed for injury to the next kin. Mattoon Gas Light & Coke Co. v. Dolan, 105 Ill. App. 1. These instructions, however, directed the jury to award just compensation, for the pecuniary injury which the mother, brother and sister, had suffered by reason of the death of Albert V. Erickson; and that this should be determined from facts and circumstances in evidence, considered in connection with the jury's knowledge, observation and experience in the ordinary affairs of life. These instructions therefore directed the jury to determine from their own knowledge, observation and experience, what sum would compensate this mother, eighty years of age, for the loss of this one of her two sons, and would compensate this brother and sister for the loss of their brother. There was no instruction that, even if there had been no widow, collateral kindred

could not recover unless the proof showed that they were to some extent dependent upon the deceased. There was no instruction defining next of kin. As the declaration named the widow, and there was evidence specially directed to the widow's injuries, the jury may well have considered that they were to estimate the damages to her as well as to the mother, brother and sister.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*