HALSEY M. BARRETT, surviving executor of and trustee under the last will and testament of Abram Speer, deceased,

*v.*

RACHEL ANN EGBERTSON et al.

[Submitted May 27th, 1920.    Decided August 15th, 1920.]

1. The words "next or nearest of kin" in a testamentary gift of the remainder to the person or persons living at the death of the life beneficiary, who shall then be "my next or nearest of kin on my father's side," mean the class nearest in blood.

2. Were the words "next or nearest of kin" in a testamentary gift to such kin, used with the meaning of next of kin in the statute of distributions, it would not, where testator's nearest blood relatives were second cousins, avail cousins further removed, under the statute. *P. L. 1918 p. 179.*

---

On bill, &c.

*Messrs. Barrett & Barrett,* for the complainant.

*Mr. William K. Flanagan,* for the defendants (first cousins once removed).

*Messrs. Smith, Mabon & Herr; Mr. James L. Garrabrant, Messrs. Reed & Reynolds, Mr. Richard F. Colfax, Messrs. Lehlbach & Van Duyne* and *Mr. Harry N. Reeves,* for the defendants (cousins further removed).

BACKES, V. C.

Abram Speer died September 19th, 1903, testate, leaving his estate in trust for his widow for life, and then provided in his will—

"3.—On the death of my said wife, I direct my surviving executor and trustee, to pay over, distribute or convey all the remainder of my estate, to such person or persons then living, as shall at that time, that is, at the time of the death of my said wife, be my next or nearest of kin on my father's side; and if there shall be more than one of such next of kin then living, then the remainder of my estate shall be divided, distributed or conveyed to them in equal shares."

The widow died August 20th, 1918. At that time the testator's nearest of kin on his father's side were children of deceased first cousins. More remotely connected were grandchildren and great grandchildren of other deceased first cousins. The first named claim the estate to the exclusion of the kin further removed, and the surviving executor and trustee under the will, being uncertain as to among whom to make the distribution, asks the advice of the court.

The principal question argued was the meaning to be given to the words "next or nearest of kin." The grandchildren and great grandchildren of deceased's first cousins contend that "next or nearest of kin" is to be construed as meaning those who take under the statute of distribution and not the class nearest in blood.

The rule they invoke is, that if a testator employs terms of technical significance they will be construed as having been used in a technical sense, if the will is otherwise silent as to the intent. This wholly artificial and arbitrary rule rests upon the notion that the testator knew their technical meaning, and used them accordingly, albeit, he was as ignorant of it as at birth. The rule is invoked for convenience, and of necessity, and only when

the subject falls inevitably within the scope of its operation, which is at all times narrow.

The cases cited in the briefs (*Welsh* v. *Crater, 32 N. J. Eq. 177; Fisk* v. *Fisk, 60 N. J. Eq. 195; Trenton Trust Company* v. *Donnelly, 65 N. J. Eq. 119; Meeker* v. *Forbes, 84 N. J. Eq. 271; Albright* v. *Van Voorhis, 104 Atl. Rep. 27; Leavitt* v. *Dunn* (an insurance policy), *56 N. J. Law 309*) are not illustrative of the rule. They hold, as it is uniformly held, that when a testator or settlor limits his personal estate to his heirs-at-law, the persons who take under the statutes of distribution are denominated. In the last-cited case Mr. Justice Dixon pointed out the reason: "In the opinions delivered in these cases, the phrase 'next of kin' is frequently used by the judges as their synonym for the word 'heirs' in the disposition of personal property, but what they mean by the phrase is not merely the nearest kinsmen, but the distributees under the statute, including both the widow and those who, by the statute, may represent deceased kinsmen. This appears from the language of the learned chancellor in the earliest and the latest of these decisions, that 'the next of kin are entitled to claim under such description [heirs] as the persons appointed by law to succeed to the personal property,' thus basing their title not on kinship but on the statute."

A gift to "next of kin," *simpliciter,* has not received judicial consideration by the courts of this state. In England, after a long struggle, it was finally decided in favor of the civil law acceptation, as against the definition of the statute of distribution, that "next of kin" means the class nearest in blood. *Elmsley* v. *Young, 2 Myl. & K. 780; Withy* v. *Mangles, 10 Cl. & F. 215.* In this country, Massachusetts, in *Swasey* v. *Jaques, 144 Mass. 135; Fargo* v. *Miller, 150 Mass. 225; Keniston* v. *Mayhew, 169 Mass. 166; Leonard* v. *Haworth, 171 Mass. 496;* North Carolina, in *Jones* v. *Oliver, 38 N. C. 369; Simmons* v. *Gooding, 40 N. C. 382; Harrison* v. *Ward, 58 N. C. 236; Redmond* v. *Burrough, 63 N. C. 242;* Michigan, in *Clark* v. *Mack, 161 Mich. 545; 126 N. W. Rep. 632;* Missouri, in *Smith* v. *Egan, 258 Mo. 569; 167 S. W. Rep. 971;* New Hampshire, in *Galloway* v. *Babb, 77 N. H. 259;* Maryland, in *Graham* v. *Whitridge, 99 Md. 248, 289,* follow the English rule of construction. In New York, in

an able opinion by Sutherland, J., in the supreme court (*Slosson* v. *Lynch, 43 Barb. 147*), the English doctrine and authorities are vigorously criticised and rejected in favor of the view that "next of kin" has acquired a fixed legal meaning, born of the statute, and when used without more, means "next of kin" as therein defined. The case has been cited with approval by the court of appeals. *Murdock* v. *Ward, 67 N. Y. 387; Luce* v. *Dunham, 69 N. Y. 36; Tillman* v. *Davis, 95 N. Y. 17; New York Life Insurance Co.* v. *Hoyt, 161 N. Y. 1.*

Were I called upon, in the case at hand, for an opinion upon this sharp point, I would be troubled to accept the New York doctrine, for the primary conception of "next of kin" is the class nearest of blood, and such is the language of the statute, "to the next of kin in equal degree," following the rule of the civil law, which it modifies by letting into the distribution a remoter degree, not, however, advancing that degree. And to impute to a testator an intention to import into the class of nearest in blood others who are not, without something in the will indicating that intent, would be to write, not to construe, the will. *Duffy* v. *Hargan, 62 N. J. Eq. 97.* A bequest to "my next of kin, according to the laws of New Jersey," is an illustration of such intention. The North Carolina and Michigan cases argue along this line with impressionable force.

The question, however, is not present for decision. The bequest, it will be observed, is to the next or nearest of kin of the testator *on his father's side.* It is more restricted in its operation than the statute, which includes as well the next of kin on the mother's side, and therefore does not carry the idea that the next of kin in the sense of the statute were intended, the foundation of the rule of construction adopted by the New York courts. To state it in another way, it will not be presumed that the words "next of kin" were used in the technical sense of the statute unless the context permits full play to the statutory method of distribution.

Then, again, the testator did not express his intention in the language of the statute. He gave the remainder of his estate to his "next or *nearest* of kin on my father's side." He evidently used "next or nearest" in the popular sense and synonymously;

"next," to denote those nearest in place, nearest in degree, rank or relation, and, as if to emphasize his meaning, he added the definitive "nearest," as used in common parlance. If he had meant next of kin *ad infinitum*, in degree, as distinguished from those nearest in degree, why subjoin "nearest?" In construing the will, effect must be given to every word of intendment and in giving "nearest" signification, I cannot find in the expression "next or nearest of kin" any other meaning than the class nearest in blood to the testator at the death of his widow. That he meant the nearest kinsmen finds support in the geneological situation at the time the will was executed. The testator was childless, and he himself was an only child. He had first cousins living, and cousins once, twice and thrice removed, galore. In these circumstances, the direction that *"if* there shall be more than one of such next of kin then living" (at his wife's death), the estate should be divided among them in equal shares, takes on significance.

The bequest, it will be noted, is not to the next or nearest of kin in equal shares; but "if" there should be more than one survivor of them, then they should take in equal shares. A supererogation, it is true, but commonly used by a draughtsman of wills. as, for instance, in bequests to the children of a testator we usually add "in equal shares" or "share and share alike," and the like. Now, who is it likely had he in mind as the nearest and next of kin in this contingency? Surely, he must have realized that a host of descendants of collaterals would survive his widow, and could he have reasonably apprehended that this ever-increasing group might possibly be reduced to a single person? Can it be doubted that it was his intention that his cousins, some of whom, or all, in the natural course of events, might die before his wife, who, if she predeceased them, should all take alike, or the survivors in equal shares, and if one only, that he should take all, and that if they were extinct at that time, the next generation as a class should take? I entertain but a single thought. In *Brandon* v. *Brandon*, on a settlement in remainder to the "nearest and next of kin" of the settlor, the fund was awarded to a brother, excluding children of deceased sisters, the master of the rolls saying "that the words of the settlement are too explicit

and definite to require or admit for their construction reference to the statute."

In *Locke* v. *Locke, 45 N. J. Eq. 97*, Vice-Chancellor Bird held a bequest to "nearest relation" to mean brothers to the exclusion of nephews and nieces. "Nearest of kin" was held in *Keniston* v. *Mayhew, supra,* to mean nearest blood relations.

Now, if we look to the statute of distribution for guidance as to the meaning of "next or nearest of kin," assuming the terms were used synonymously and in a technical sense, and that the rule of construction of the courts of New York is sound, we, nevertheless, reach the conclusion that the class nearest in blood, computed according to the civil law, take.

The statute of distribution, in respect of collaterals, lets in children of deceased brothers and sisters. Beyond that there is no representation. The rule of the civil law that the class nearest of kin by blood takes, is the law of this state at this time. It was the law prior to 1899, when the statute read, in substance, as in ancient day, thus:

"II.—In case there be no children, nor any legal representative of them, then one moiety of the said estate shall be allotted to the widow of the said intestate, and the residue of the said estate shall be distributed equally to every of the next of kindred of the intestate, who are in equal degree, and those who represent them; *provided, that no representation shall be admitted among collaterals after brothers' and sisters' children.*

III.—And in case there be no widow, then all the said estate to be distributed equally to and among the children; and in case there be no child, then to the next of kindred in equal degree of or unto the intestate and their legal representatives as aforesaid; *and in no other manner whatsoever.*" *Rev. of 1898, P. L. p. 715.*

In *Davis* v. *Vandcrveer's Administrator, 23 N. J. Eq. 558,* the court of appeals, in construing the proviso, denied representation, among collaterals beyond brothers' and sisters' children, and held that cousins took, to the exclusion of cousins once removed.

In 1899 (*P. L. 1899 p. 204*) the legislature excised the proviso as to collateral representation, and in *Fisk* v. *Fisk, supra,* and *Smith* v. *McDonald, 71 N. J. Eq. 261*, it was held that under the statute, as amended, the remoter degrees of kindred were admitted into the distribution *per stirpes.*

In 1918 (*P. L. 1918 p. 179*) the proviso was restored. The statute now reads:

"III. If there be no husband or widow, as the case may be, then all of the said estate to be distributed equally to and among the children; and in case there be no child, nor any legal representative of any child, then equally among the parents and brothers and sisters, and the representatives of deceased brothers and sisters; *provided, that no representation shall be admitted among collaterals after deceased brothers' and sisters' children.*

"IV. If there be no husband or widow, child or any legal representative of any child, nor a parent, brother or sister, nor the representative of a deceased brother or sister, then all of the estate to be distributed equally to the next of kindred, in equal degree, of or unto the intestate and their legal representatives *as aforesaid.*"

The proviso, it will be observed, was not as awkwardly placed as in the prior statute, and its application is more clearly apparent. "As aforesaid," at the conclusion of section IV., relates to the proviso in section III. *Davis* v. *Vanderveer, supra; Smith* v. *McDonald, supra.*

The act of 1918 was in effect when the life tenant died, and the will directs that the next or nearest of kin or kindred of the testator are to be ascertained as of that event. *Theob. Wills 342,* after stating the general doctrine to the effect that words of futurity alone will not alter the ordinary rule that makes the death of the testator the time for the ascertainment of the beneficiaries, says:

"But if the gift is, after the decease of the tenant for life, to such persons as shall *then* be my next of kin, the word 'then' must refer to the death of the tenant for life (*Long* v. *Blackall, 3 Ves. 486; Wharton* v. *Barker, 4 K. & J. 483;* see *Clowes* v. *Hilliard, 4 Ch. Div. 413; In re Morley's Trusts, 25 W. R. 825; Valentine* v. *Fitzsimons (1894), 1 I. R. 93*) ; and in such a case the class is to be ascertained as if the testator had lived up to and died at the time referred to. *Sturge* v. *Great Western Railway Co., 19 Ch. Div. 444.*"

In *Fisk* v. *Fisk, supra,* the testator died in 1872, when the statute provided against representation beyond brothers' and sisters' children. The bequest was "to such persons as would then [at the death of the wife] be my heirs-at-law." The widow died in 1899, after the amendment to the statute of that year,

omitting the proviso.   Vice-Chancellor Reed held that the distribution was to be made among the next of kin according to the statute as it stood at the wife's death.

The complainant will be advised to pay the estate to the cousins once removed *per capita*.