The complainant, the Guarantee Trust Company, is the substituted administrator, cum testamento annexo, of the estate of Elias Wright and the estate of Julia A. Wright.
Elias Wright died on January 2d 1901, and Julia A. Wright, his widow, died on November 27th, 1906. They left them surviving a daughter named Frances W. Sooy, who, after the making of said wills, married, and at the time of her death was named Frances W. Clark. She died on August 8th, 1931, intestate, without issue, and the estates of her father and mother are now ready for distribution.
Paragraph 5 of the bill reads as follows:
"The complainant is in doubt as to whom the estate should *Page 495 
be distributed. Among other doubts, the first is, as to the time of the taking effect of the the will as to the nearest of kin to the husband of Julia A. Wright, and the nearest of kin of the said Julia A. Wright; and, secondly, as to which law of distribution is controlling. Is it the nearest of kin of the said husband of the said Julia A. Wright as of the time of the death of Julia A. Wright, and if so, are representatives of the nearest of kin of said Wrights to share with their ancestor, or are only those who are next of kin at the time of the death of said Julia A. Wright to take?
"Does the statute touching distribution at the time of the making of the wills or at the time of the death of Julia A. Wright govern?"
The pertinent part of the will of Elias Wright reads:
"Sixth. To my wife, Julia A. Wright, in lieu of her right of dower, I give the income of the remainder of all property belonging to me at the time of my death, of whatsoever kind, character and description and wheresoever situate. By `income' is intended interest and rentals, and not the purchase-money price at which any part of my estate may be sold.
"Seventh. To my said wife, I entrust the care, maintenance and comfortable support of my daughter, Mrs. Frances W. Sooy, during the time my daughter may remain a widow, and thereafter such support only shall be offered her, as my said wife may approve.
"Eighth. If in the opinion of my said wife the income mentioned in the above paragraph `Sixth' should not be sufficient for the comfortable support and maintenance of herself during her lifetime, and that of my said daughter, as mentioned in paragraph `Seventh,' she shall have the right to impair the principal sum only for such support and maintenance.
"Ninth. The income from such of the property of which I may die seized, as remains after the death of my said wife, shall be used for the comfortable support and maintenance of my said daughter, during her life, and should that income in the opinion of said executors, not be sufficient for such maintenance, said executors shall have the right to impair the principal sum, only, for such support and maintenance. Provided, that not more than one dollar per day shall be so allowed for my said daughter's support.
"Tenth. In the event of there being any property standing to the credit of my estate, at the death of my said daughter, the same shall belong equally to her children if any there be: but in case she should die without issue, such property may be sold by said executors, at public or private sale, as said executors shall think will yield the largest sum, and the proceeds thereof shall be divided as follows; that is to say: two-thirds thereof shall be equally divided between *Page 496 
my nearest of kin, under the laws of the said state, and one-third thereof shall be equally divided between the nearest kin to my said wife, under said laws or in lieu of a sale as stated in the foregoing part of this `Tenth' paragraph said executors may at their option divide said estate and distribute in kind in manner as aforesaid giving to each legal claimant such property as said executors may regard most suitable for such claimants — the value of which property, to be set off to each shall in the opinion of said executors be equal to such claimant's interest in said estate, distributed in manner aforesaid, and such a division may at the option of said executors be absolute to all such claimants or such property, whether in cash or in kind may be given in trust to some person or company, for the benefit of any such claimant as said executors may regard as most judicious for said claimants' benefit. Provided that neither Avesta Green, a daughter of my brother, Bradford Wright, nor any of her children shall be regarded as beneficiaries under this will."
This will was dated September 6th, 1899.
The will of the said Julia A. Wright is in substantially the same language as that of her husband, and is dated November 15th, 1898.
The real and personal estate is blended in one gift, therefore, both species of property are subject to the rule applicable to personalty. Scudder's Ex'rs v. Vanarsdale, 13 N.J. Eq. 109.
Where an executor is directed to sell land and divide the proceeds, the land is converted into personal property.Cranstoun v. Westendorf, 91 N.J. Eq. 34. It is a well settled rule of construction that a gift of a legacy "at" or "when" or "after" a given event occurs, vests only upon the happening of the event. Clement v. Creveling, 83 N.J. Eq. 318, quotingHowell v. Green, 31 N.J. Law 570. This case, however, is subject to the same rules of construction as was Miers v.Persons, 92 N.J. Eq. 17.
I am convinced, however, that it is apparent from the language of the will itself that it was the purpose of the testator and testatrix that the gift of the remainder should not vest until after the death of the daughter. American Builders Corp. v.Galligan, 94 N.J. Eq. 731.
What do the words "nearest of kin" as qualified "under the laws of the said estate" mean? Vice-Chancellor Backes, in Barrett v.Egbertson, 92 N.J. Eq. 118, said:
"A gift to `next of kin,' simpliciter, has not received judicial *Page 497 
consideration by the courts of this state. In England, after a long struggle, it was finally decided in favor of the civil law acceptation, as against the definition of the statute of distribution, that `next of kin' means the class nearest in blood. Elmsley v. Young, 2 Myl. K. 780; Withy v. Mangles,10 Cl. F. 215. In this country, Massachusetts, in Swasey v.Jaques, 144 Mass. 135; Fargo v. Miller, 150 Mass. 225;Keniston v. Mayhew, 169 Mass. 166; Leonard v. Haworth,171 Mass. 496; North Carolina, in Jones v. Oliver, 38 N.C. 369;Simmons v. Gooding, 40 N.C. 382; Harrison v. Ward,58 N.C. 236; Redmond v. Burrough, 63 N.C. 242; Michigan, in Clark v.Mack, 161 Mich. 545; 126 N.W. Rep. 632; Missouri, in Smith v.Egan, 258 Mo. 569; 167 S.W. Rep. 971; New Hampshire, inGalloway v. Babb, 77 N.H. 259; Maryland, in Graham v.Whitridge, 99 Md. 248, 289, follow the English rule of construction.
"In New York, in an able opinion by Sutherland, J., in the supreme court (Slosson v. Lynch, 43 Barb. 147), the English doctrine and authorities are vigorously criticised and rejected in favor of the view that `next of kin' has acquired a fixed legal meaning, born of the statute, and when used without more, means `next of kin' as therein defined. The case has been cited with approval by the courts of appeals. Murdock v. Ward,67 N.Y. 387; Luce v. Dunham, 69 N.Y. 36; Tillman v. Davis,95 N.Y. 17; New York Life Insurance Co. v. Hoyt, 161 N.Y. 1.
"Were I called upon, in the case at hand, for an opinion upon this sharp point, I would be troubled to accept the New York doctrine, for the primary conception of `next of kin' is the class nearest of blood, and such is the language of the statute, `to the next of kin in equal degree,' following the rule of the civil law, which it modifies by letting into the distribution a remoter degree, not, however, advancing that degree. And to impute to a testator an intention to import into the class of nearest in blood others who are not, without something in the will indicating that intent, would be to write, not to construe, the will. Duffy v. Hargan, 62 N.J. Eq. 97. A bequest to `my next of kin, according to the laws of New *Page 498 
Jersey,' is an illustration of such intention. The North Carolina and Michigan cases argue along this line with impressionable force."
It is apparent, therefore, that this case is a pertinent illustration of such intention. Fisk v. Fisk, 60 N.J. Eq. 195,
and Rowley v. Currie, 94 N.J. Eq. 606, held that where property is given to members of a class, to be divided equally, the members takes per capita.
I will advise a decree in accordance with these views. *Page 499