Gaston, Judge.
 

 It seems to us that the words of the will do not admit of the interpretation contended for by the
 
 *96
 
 piafntfffa. In regard to his grandson Thomas,
 
 the testator
 
 says he
 
 “
 
 is to pay my executors five hundred dollars,
 
 in full of all advancements
 
 made to him or to his father.” How is it possible, to hold consistently with this language, that he is to pay five hundred dollars
 
 in addition
 
 to the advancements made to his father?
 

 It seems to us equally clear, that parole evidence is not admissible to shew that the testator’s intent was at variance with his language. No rule of law is more clear than that a will is not to be expounded, much less contradicted, by parole evidence. It is incapable of being altered, detracted from, or added to, by parole. The case to which the counsel for the plaintiffs refers,
 
 (Benson
 
 vs.
 
 Whittam, 2
 
 Simons 493,
 
 2
 
 Con. Eng. Ch. Rep. 515,) establishes no more than that parole evidence is admissible to ascertain whether the thing supposed to be given satisfies the description of it in the will. The object of such evidence is not to
 
 expound
 
 the will, but to
 
 apply
 
 its ascertained meaning to an external subject. This never can be done without evidence
 
 dehors the will.
 
 With regard to the evidence admissible in such cases, there are many nice distinctions, which it is wholly unnecessary now to consider. For, in the case before us, the testimony is offered to control the meaning of the will itself. We approve, therefore, entirely of the interlocutory decree, from which the appeal was taken.
 

 Per Curiam. Judgment affirmed.