Manly, J".
 

 It is quite clear, to our minds, that it was intended, in this will, to limit over the estate, given to Benjamin F. Simmons, in the same way
 
 mutatis mutandis,
 
 as that given to the daughter, Mary Ann.
 

 The testator bequeaths in the fourth paragraph, property, real and personal, to his said daughter, and, on
 
 her marriage,
 
 to herself and husband jointly, and to the survivor, and after the decease of both, to the children of the marriage, which may be then living, and if there be no children left, the
 
 land
 
 is given to
 
 the heirs-at-law,
 
 and the slaves to the next of kin. In the sixth paragraph, he proceeds to'give, in the same terms, real and personal estate, to Benjamin F. Simmons, and provides, “
 
 should my said son marry,
 
 the lands and other property, to be held by my said son and wife, and child or children surviving, upon the same limitations mentioned in the bequest, to his sister, Mary Ann.” It is obvious, upon a consideration of the latter clause, the testator intended to trammel the property, given, with similar conditions and limitations to those, set out at length, in the bequest to his daughter. For, although different words arc used in speaking of the first contingency, upon which there is to be a change in the holding, the phrases used, seem to be equivalents in meaning, and the purpose seems to be clear to put the two upon the same footing in all respects.
 

 When the will was in this Court before, for construction,
 
 (Simmons
 
 v.
 
 Gooding, 5
 
 Ire. Eq. 382,) it was settled with respect to property given to Mary Ann Simmons, (she'having married and
 
 *239
 
 died without children in the life-time of the testator,) that, although the legacy to her lapsed, and her husband who survived, took nothing, yet, the bequest over of the land to the testator’s heirs-'at-law, and the slaves to his next of kin, stood, “and the heirs-at-law and next of kin of the testator, took by purchase as devisees and legatees.” This decision is based upon the assumption, that the vesting of the 'particular estate, was not necessary to support the ulterior executory bequests. We think the principle, assumed, is clear. It seems to be also equally clear, that the bequest over, was not dependent upon the happening of any of the intermediate contingencies — for instance, the marriage of the daughter. For, if she had survived her father, unmarried, she would have takeu immedi-atety an estate for life, subject to be enlarged so as to take in a husband upon marriage, remainder over to children,, if any, and if none, then the land to the heirs-at-law, and the slaves to the next of kin. The rule of construction, in such cases, is-, that a limitation over is never dependent upon the vesting of a prior estate, unless there be a clear intention expressed to that effect. The ordinary intendment to he inferred from such limitations of estate after estate in succession, (in the absence of any manifest purpose to the contrary) is, “ that they shall respectively take effect whenever the prior estates are out of the way, without reference to the manner in which they get out of the way;" 2 Wills Ex’rs. 764.
 

 By reference to the contents of the will, its particular in-tendment will be found, we think, in accordance with the general, instead of opposed to it. If any purpose is more plainly manifested by the testator than another, it is not to vest in any of his children an absolute estate, but to tie up the property, at least, during their lives, and the lives of the grandchildren during minority. If we adopt the construction, contended for in the answer of the defendants, that the ulterior bequests are dependent upon the happening of any of the contingencies, upon which the estate is recast, it follows, if the the contingency should not happen, the prior estate Would necessarily he an absolute one, and this is an event which the
 
 *240
 
 testator seems particularly to have guarded against. Not one-of the first takers, under any bequest in the will,, tabes an absolute estate by express provision.
 

 From a careful analysis of the clauses in question-, we are of opinion, then, if the daughter, Mary, had survived-' and died unmarried, and of course childless, her estate-would have been-■one only for life, and upon her death, the-executory bequests-over of land and slaves to testator’s heirs-at-law and next of kin, respectively, would have taken effect. No good reason can be given- why the testator should, desire to make a distinction between the cases of a child dying without having issue and dying without marryiin-g — why one should give life to the- ulterior limitations ancii the other be the- signal for their extinction.
 

 As the law would have been, in respect to the bequest to Mary Ann Himmons upon the-supposition, made, so it must be, in a similar state of facts, in respect to the estate of Benjamin F. Simmons; we are of opinion he took under the will of the father, a life-estate, subject to be enlarged, as before stated, and upon his death unmarried, the contingent bequest to the testator’s
 
 heirs-at-law
 
 and
 
 next of Jem
 
 took effect. This is the answer to the first point upon which the advice of the- Court is sought.
 

 The second point involves, simply, an interpretation of the words “next of kin” in the ulterior limitations to Mary Ann and Benjamin F. Simmons. This can hardly be considered an open question in this Court, for when the will was before the court upon the former occasion, it was decided that these words meant
 
 nearest of
 
 kin, and that there was no- right of representation springing-out of their use in this connexion, as in the statute of distribution. The interpretation of these words has troubled the courts not a little, bnt after some fluctuation and much doubt, the ordinary grammatical sense has been adopted as the- rule of construction, unless it shall appear, from the other parts of the instrument, that a different meaning was intended. This is the sense, it is believed, which has been given to these words in every connection save in the
 
 *241
 
 statute of distribution ; as in the statute prescribing who shall be entitled to administration
 
 next of hin
 
 has been, we think, uniformly held, both in this country and in England, to mean, the
 
 nearest in
 
 degree, and to exclude persons who claimed in the next degree by representation.
 

 In the case of
 
 Simmons
 
 v.
 
 Gooding, supra,
 
 the Court felt constrained by the weight of authority, and we now feel constrained by that, and the force of our own decision, to hold the words
 
 next of
 
 hin, in tire will in question, to mean the
 
 nearest in
 
 degree, and that the sister of the deceased brother, Benjamin, will take the slave property limited to him for life, to (lie exclusion of the nephew and niece.
 

 The able argument which has been addressed to us upon this point, has caused us to consider it again more at large, than we might otherwise have done, and we are again broughtdo the same conclusion. We do not feel at liberty to depart from the construction heretofore adopted — a construction, it may be added, which has the sanction'd' the most eminent Judges, Tiicrlow, Eldon, Gbant, Plumes, and others. Those who aro desi rods of examining the authorities upon this vexed question, will find them referred to by Jarman, in his treatise on Wills, vol. 2, p. 38.
 

 The construction which we thus put upon the will, may disappoint the expectations of defendants’ friends, and work a case of hardship, not foreseen, and not desired by the testator, bnt it cannot be otherwise without unsettling again the sense of words, which it has given the courts great, trouble to fix, and which the public interest now requires should remain so.
 
 Misera cst servitus ubi jus est, aut vagum, aut ineognitum.
 

 The real estate limited to Benjamin, for life, will pass over to the heirs-at-law of the testator, who are the sister, Emily Harrison, and the two children of the deceased sister, Elizabeth Ward; Mrs. Harrison taking one moiety, and the children, in the right of their mother, the other moiety.
 

 PeR Cubxam, Decree accordingly.