NANNIE SEARS McCAIN AND HUSBAND, DACUS P. McCAIN, JR. v. BETTY SEARS WOMBLE AND HUSBAND, BENNIE WOMBLE, EARL O. SEARS AND WIFE, ELSIE B. SEARS, AND BARBARA ANN S. BERGE AND HUSBAND, PHIL BERGE.

(Filed 24 November, 1965.)

**1. Partition § 12—**

The fact that the life tenant's three children, who are the contingent remaindermen under a devise of a share in common to their mother for life with remainder to her next of kin, join and are joined with their mother in an exchange of deeds executed solely for the purpose of partition with another of the tenants in common, is no evidence that the parties treated the contingent remaindermen as owning a vested remainder.

**2. Wills § 27—**

Testator's intent must be ascertained from the language used by him in the instrument and not what others think the language means.

**3. Same—**

The intent of testator is to be gathered from the four corners of the will, and the intent as thus ascertained must be given effect unless contrary to some rule of law or at variance with public policy.

**4. Same—**

When the language of a will clearly expresses the intent of testator which is consonant with rules of law and public policy, such intent must be given effect, and extrinsic evidence is not competent to establish a different intent. This rule includes the designation of beneficiaries.

**5. Same—**

Ordinary words will usually be given their ordinary meaning, and technical words will be construed in their technical sense unless the will discloses a contrary intent.

**6. Wills § 45—**

The words "next of kin" will be interpreted as having the established technical sense of "nearest of kin" unless the will indicates that testator did not use them in their technical sense.

**7. Same;    Wills § 43—**

The will in question devised a life estate to testator's daughter with remainder to her "next of kin." *Held:* There being nothing in testator's will to indicate that he did not intend to use the words "next of kin" in their technical sense, such meaning must be ascribed to them, and the will devises a contingent remainder to the children of the life tenant, and precludes the principle of representation.

APPEAL by petitioners and respondents Betty Sears Womble and her husband, Bennie Womble, from *Hubbard, J.,* January 1965 Civil Session of NASH.

The undisputed facts involved herein are as follows:

Isaac Womble (Isaac), in 1899, executed a will whereby he devised and bequeathed to his wife Cherry a life estate in all his real and personal property for the term of her natural life or widowhood. In the fifth item of his will, Isaac devised in fee simple, subject to his wife's life estate, all his real property to his children, Ella, Mary, James, Dorsey and Martha, setting forth in his will that he had already given to his five other children, naming them, all of his estate he intended for them to have. Isaac directed that after the death of his wife, his children named in Item 5 of said will should divide the real property devised so that "each of said five children to have the same number of acres as near as can reasonably be to make just partitions * * *." In February 1903 the testator executed a codicil to his will whereby the fifth item was changed so that "all the property, real and personal, which I have given herein to Mary Womble be loaned to her for life, and after her death be given to her next of kin." Isaac died on 15 September 1903, seized of some 260 acres of land in Nash County, North Carolina, survived by his wife Cherry and ten children, the five mentioned in Item 5 of his will and the other five for whom he had already provided.

In November 1905, James, Dorsey, Ella, Mary and Martha and their spouses were parties to an *ex parte* proceeding in Nash County Superior Court. In that proceeding it was alleged and determined that James and Isaac, subsequent to the execution of Isaac's will and prior to his death, had agreed to purchase from one Batchelor a 107-½ acre tract of land, the same being separate and in addition to the 260 acre tract held by Isaac at his death; that Isaac should pay the first of three installments and James the latter two; that upon James' paying the latter two installments, Isaac would execute a deed in fee

simple to James for the 107-½ acre tract which James would take in lieu of his interest in Isaac's estate under the fifth item of his will. Judgment was rendered whereby a deed to the 107-½ acre tract was executed by Isaac's executor, under commission of the court, to James. James, in turn, executed a deed conveying his interest in the tract devised to him under the fifth item of the will to Dorsey, Ella, Mary and Martha, thereby vesting in them title to the real estate devised in Item 5 of the will, which gave Dorsey, Ella, Mary and Martha each an undivided one-fourth interest in said tract of land. Cherry Womble died 22 December 1932.

In 1909, commissioners appointed by the Clerk of the Superior Court of Nash County, to divide the lands of the said Isaac Womble according to the provisions of his last will and testament allotted certain lands (Lot No.4) of Isaac to Ella W. Calhoun. However, Mary Womble Sears went into possession of Lot No. 4 and was recognized as the owner thereof. Ella went into possession of Lot No. 2 which had been allotted to Mary.

In 1934, Ella executed a quitclaim deed to Mary W. Sears and Mary's children, Cicero Sears, Betty Sears Womble and Nannie Sears Trussell (now Nannie Sears Trussell McCain) in which Ella quitclaimed all her interest in Lot No. 4. Mary and her aforementioned children executed to Ella a quitclaim deed to Lot No. 2, quitclaiming their interest in and to said lot.

Mary died in 1962, survived by Betty Sears Womble and Nannie Sears McCain, her daughters, and Earl O. Sears and Barbara Ann Sears Berge, children of her son Cicero who had predeceased her.

Nannie Sears Trussell McCain is the petitioner in this action against Betty Sears Womble, her sister, and Earl O. Sears and Barbara Ann Sears Berge, children of Cicero Sears, her deceased brother, to determine the interest of the parties in Lot 4 of Isaac's land. The respective spouses of each are also parties to this proceeding.

Petitioner alleges that upon the death of her mother, Mary Womble Sears, she became seized in fee absolute of a one-half undivided interest in and to Lot No. 4.

The trial judge found as a fact that the term "next of kin," as used in Isaac's will, was not used in a clear and unambiguous fashion, and "upon inquiry into the surrounding circumstances at the times the Will and Codicil were executed, the court finds that Isaac Womble intended that the property devised to Mary would be held by her for life, with any remainder to Mary's children, if any (the children of any deceased child to take the share that their parent would have

taken if living), and if Mary had no children, then to her brothers and sisters. Isaac Womble did not intend to disinherit the children of any child of Mary who might die before Mary."

Judgment was rendered to the effect that Nannie Sears Trussell McCain and Betty Sears Womble each owns a one-third interest in Lot No. 4, and that Earl O. Sears and Barbara Ann Sears Berge each own a one-sixth undivided interest in said lot. From this judgment, petitioners and respondents Betty Sears Womble and her husband appeal, assigning error.

*Valentine & Valentine for Betty Sears Womble and husband, respondent appellants.*
*Field & Cooper and Leon Henderson, Jr., for Nannie Sears Mc-Cain and husband, petitioner appellants.*
*Battle, Winslow, Merrell, Scott & Wiley for respondents Sears, appellees.*
*Evans & Shannonhouse for respondents Berge, appellees.*

DENNY, C.J. This matter was heard by the court below without a jury, a jury having been expressly waived by counsel for all parties. The court heard the evidence and examined the proof offered by the respective parties, found the facts, and entered judgment as hereinabove set out.

Appellants' assignment of error No. 5 is based on an exception to finding of fact No. 10, which reads as follows:

"By their dealings with the lands devised in the residuary clause of Isaac Womble's Will (including the exchange of deeds in 1934 described in paragraph 6 of the petition) the heirs of Isaac Womble, including the parties to this proceeding, have over a period of many years given a practical construction to the term of said Will and Codicil, recognizing between themselves that Mary Womble Sears held a life estate, and that there was a vested remainder in each of the said three children, so that upon the death of any child the children of said deceased child would take the share that their parent would otherwise have received."

In our opinion, neither the oral evidence nor the documentary proof admitted in the hearing below, supports this finding of fact.

It is true that the quitclaim deed from Ella Calhoun named Mary Womble Sears and her three children as grantees in the deed in which Ella quitclaimed to the grantees her interest in Lot No. 4 of Isaac's

land. It clearly appears, however, that this deed was executed for the sole purpose of vesting title to Lot No. 4 in Mary Womble Sears in the exact manner she would have held it under the terms of her father's will and codicil had she been allotted Lot No. 4 of Isaac's land in the partition proceedings, and the deed so stipulates. This deed in no way purports to add to or take from the devise Isaac made to his daughter Mary, but on the contrary purports to vest in Mary a life estate in said Lot No. 4, then, at her death, to go to her next of kin in fee simple.

Now with respect to what Isaac intended by limiting Mary's interest in his estate to an estate for life and after her death to go to her next of kin. Isaac's will must be interpreted from the language used by him and not according to what others might think he meant or what he might have thought the words "next of kin" meant, unless he had expressed a different meaning with respect thereto.

This Court has repeatedly held that the intent of the testator is the polar star that must guide the courts in the interpretation of a will. This intent is to be gathered from a consideration of the will from its four corners, and such intent should be given effect *unless contrary to some rule of law* or at variance with public policy. *Heyer v. Bulluck*, 210 N.C. 321, 186 S.E. 356; *Smith v. Mears*, 218 N.C. 193, 10 S.E. 2d 659; *Williams v. Rand*, 223 N.C. 734, 28 S.E. 2d 247; *House v. House*, 231 N.C. 218, 56 S.E. 2d 695; *Elmore v. Austin*, 232 N.C. 13, 59 S.E. 2d 205; *Mewborn v. Mewborn*, 239 N.C. 284, 79 S.E. 2d 398; *Clark v. Connor*, 253 N.C. 515, 117 S.E. 2d 465; Strong's North Carolina Index, Vol. IV, Wills, § 27, page 502, *et seq.*

In the case of *Elmore v. Austin, supra,* Ervin, J., speaking for the Court said:

> "In construing a will, the court seeks to ascertain and carry into effect the expressed intention of the testator, *i.e.,* the intention which the will itself, either explicitly or implicitly, declares. * * * Where the language employed by the testator is plain and its import is obvious, the judicial chore is light work; for in such event, the words of the testator must be taken to mean exactly what they say. * * * But where the language in the will does not clearly express the testator's purpose, or when his intention is obscure because of the use of inconsistent clauses or words, the court finds itself confronted by a perplexing task. In such case, the court calls to its aid more or less arbitrary canons or rules of testamentary construction designed by the law to resolve any doubts in the language of the testator in favor of interpretations which the law deems desirable. 57 Am.

Jur., Wills, §§ 1120, 1124; Am. Law Inst. Restatement, Property, Vol. 3, § 243."

Appellants also assign as error the signing and entry of the judgment on the ground the same is not supported by competent evidence and is erroneous in law.

In *Shoup, Smith and Wallace v. Trust Co.*, 245 N.C. 682, 97 S.E. 2d 111, it is said:

"Ordinarily, extrinsic evidence is admissible to identify persons embraced within a class to whom a devise or bequest has been made. However, in the absence of ambiguous language in the will, extrinsic evidence, either parol or written, may not be admitted 'to vary, contradict, or add to the terms of the will, or to show a different intention on the part of the testator from that disclosed by the language of the will, * * *.' 57 Am. Jur., Wills, § 1040, page 674; *Field v. Eaton*, 16 N.C. 283; *Reeves v. Reeves*, 16 N.C. 386; *Blacknall v. Wyche*, 23 N.C. 94; *Kinsey v. Rhem*, 24 N.C. 192; *Barnes v. Simms*, 40 N.C. 392, 49 Am. Dec. 435; *Thomas v. Lines*, 83 N.C. 191; *Wooten v. Hobbs*, 170 N.C. 211, 86 S.E. 811; *Trust Co. v. Wolfe, ante*, 535, 96 S.E. 2d 690, and cited cases; Anno. — Will — Construction — Extrinsic Evidence, 94 A.L.R. 26."

In the case of *Clark v. Connor, supra*, this Court said:

"* * * Ordinarily nothing is to be added to or taken from the language used, and every clause and every word must be given effect if possible. Generally, ordinary words are to be given their usual and ordinary meaning, and technical words are presumed to have been used in a technical sense. If words or phrases are used which have a well-defined legal significance, established by a line of judicial decisions, they will be presumed to have been used in that sense, in the absence of evidence of a contrary intent. * * *"

In the absence of some expression to show the testator meant otherwise, the words "next of kin" have had a well-defined legal significance and have been uniformly interpreted to mean nearest of kin. *Jones v. Oliver* (1844), 38 N.C. 369; *Simmons v. Gooding* (1848), 40 N.C. 382.

In the last cited case Pearson, J., later C.J., said:

"If to the words 'next of kin' these words had been added, 'as in case of intestacy' or 'as by the statute of distributions,' or if

the language of that statute had been adopted, 'to the next of kin in equal degree, or to those who legally represent them,' we might have included the grandchildren; but upon the words 'next of kin,' simply, they cannot be included. Children are in the first degree; grandchildren are in the second degree. We have no right to bring grandchildren as near as children, unless the testator had made known to us by his will that such was his intention."

We find nothing in the will of Isaac Womble to indicate that he did not intend to use the words "next of kin" in the technical sense which these words have been construed to mean in our long line of judicial decisions. *Redmond v. Burroughs,* 63 N.C. 242; *Harrison v. Ward,* 58 N.C. 236; *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662; *Williams v. Johnson,* 228 N.C. 732, 47 S.E. 2d 24; *Trust Co. v. Bass,* 265 N.C. 218, 143 S.E. 2d 689.

In the last cited case, Sharp, J., speaking for the Court, said:

"* * * It is the rule in this jurisdiction, as well as in England and a substantial number of the other American jurisdictions, that the words *next of kin* 'mean "nearest of kin" and that in the construction of deeds and wills, unless there are terms in the instrument showing a contrary intent, the words "next of kin," without more, do not recognize or permit the principle of representation.' * * *"

We hold that Nannie Sears McCain and Betty Sears Womble each owns an undivided one-half interest in Lot No. 4 of Isaac's land, and that Earl O. Sears and Barbara Ann Sears Berge have no right, title or interest in said tract of land.

This cause will be remanded to the end that judgment be entered in accord with this opinion.

Reversed and remanded.