WACHOVIA BANK & TRUST COMPANY, Trustee Under the Last Will and Testament of George G. Johnson v. CHARLES H. LIVENGOOD, JR., NORMAN B. LIVENGOOD, D. JOHNSON LIVENGOOD, BETTY J. CRISP, J. ERIC JOHNSON, JR. and BETTY BUGG CROUCH

No. 86PA82

(Filed 25 August 1982)

**Wills § 44— trust corpus—per capita or per stirpes distribution**

     Where testator's will provided that the net income of a trust should be paid in equal shares to his two sisters and his sister-in-law, or the survivors of them, and that at the death of the last survivor, the trust should terminate and be paid over "in equal shares" to his nieces and nephews "per stirpes," the testator did not intend to use the technical words "per stirpes" in their legal or technical sense as his use of the words "in equal shares" indicated otherwise, and therefore the general rule that where a bequest is to a class it takes per capita in the absence of clear language showing that the testator intended a different result applied.

     Justice MARTIN took no part in the consideration or decision of this case.

On defendants Livengood's petition for discretionary review from the decision of the Court of Appeals reported at 54 N.C. App. 198, 282 S.E. 2d 512 (1981), affirming summary judgment for the defendant Betty Bugg Crouch entered at the 8 December 1980 Session of Superior Court, DURHAM County, *Brewer, J.* presiding.

*Powe, Porter and Alphin, P.A.,* by *E. K. Powe and Eugene F. Dauchert, Jr., Attorneys for Charles H. Livengood, Jr., Norman B. Livengood and D. Johnson Livengood, defendant-appellants.*

*Marshall, Williams, Gorham & Brawley,* by *A. Dumay Gorham, Jr., Attorney for Betty Bugg Crouch, defendant-appellee.*

MEYER, Justice.

     The sole issue in this case is whether the provision in a will for distribution of trust assets upon termination "in equal shares to my nieces and Nephews per Stripes (sic)" requires a *per stirpes* or a *per capita* distribution. We hold that a *per capita* distribution is required.

     On 20 May 1980 plaintiff, Wachovia Bank & Trust Company, N.A., trustee under the testamentary trust created under the Last Will and Testament of George G. Johnson, brought this

declaratory judgment action in Superior Court, Durham County, for a construction of that portion of the Johnson will providing for distribution of the trust assets upon its termination. Item Fourth of the will provided for the disposition of the residue, in fact comprising the majority, of Johnson's estate as follows:

> All of my other property, real, personal, and mixed, wherever the same may be situated, I give, devise and bequeath unto the Wachovia Bank and Trust Company, Durham, N.C., as Trustee, to be held, managed, and invested, reinvested, used and disposed of as follows:
>
> (1) The Trustee shall pay over the net income in equal shares to my sister, Mary Johnson Livengood, Helen Johnson Bugg, and my sister-in-law Helen Noell Johnson, or the survivors of them.
>
> (2) Upon the death of the last survivors of my sisters, Mary Johnson Livengood, and Helen Johnson Bugg, and my sister-in-law Helen Noell Johnson, this trust shall terminate and be paid over in equal shares to my nieces and Nephews per Stripes. (sic)

All of the named beneficiaries are now deceased, and the defendants in this action are all of the nieces and nephews of the testator. Defendant Betty Bugg Crouch is the daughter of Helen Johnson Bugg and filed answer contending that the will requires a *per stirpes* distribution, whereby she would receive one-third of the trust property; defendants Norman B. Livengood, D. Johnson Livengood and Charles H. Livengood, Jr., as sons of Mary Johnson Livengood, would each receive one-ninth of the trust property; and defendants J. Eric Johnson, Jr. and Betty J. Crisp, as children of Helen Noell Johnson, would each receive one-sixth of the property. Defendants Livengood filed answer contending that the will requires a *per capita* distribution whereby each of the six nephews and nieces would receive one-sixth of the trust property. Defendants J. Eric Johnson, Jr. and Betty J. Crisp did not answer plaintiff's complaint. Under either a *per capita* or a *per stirpes* distribution, they would each receive one-sixth of the trust property.

The answering defendants moved for summary judgment. It appearing that there was no genuine issue as to any material fact

and that the only issue presented was one of law, the trial court on 12 December 1980 entered summary judgment in favor of Betty Bugg Crouch, requiring a *per stirpes* distribution. The Court of Appeals affirmed that ruling, and on 3 March 1982 this Court allowed appellants Livengood's petition for discretionary review. The appellee is Betty Bugg Crouch. Plaintiff Wachovia is not involved in this appeal.

When the meaning of any part of a will is the subject of controversy, it is the prerogative of the court to construe the contested provision and declare the true meaning thereof. *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151 (1953). The intent of the testator is the polar star that must guide the court in the interpretation of a will, for his intent, as so expressed, is his will. *Wing v. Trust Co.,* 301 N.C. 456, 272 S.E. 2d 90 (1980); *Trust Co. v. Bryant,* 258 N.C. 482, 128 S.E. 2d 758 (1963); *Trust Co. v. Waddell,* 237 N.C. 342, 75 S.E. 2d 151.

In support of their contention that the will requires a *per capita* distribution, the appellants rely on the general rule that where a devise or bequest is to a class, such as nephews and nieces, the devisees take *per capita* unless it clearly appears that the testator intended a different division. *Trust Co. v. Bryant,* 258 N.C. 482, 128 S.E. 2d 758; *In re Battle,* 227 N.C. 672, 44 S.E. 2d 212 (1947). The appellee, Betty Bugg Crouch, on the other hand, points to the rule that when a testator uses technical words or phrases in disposing of property, it is presumed that he used them in their well-known legal or technical sense unless, in some appropriate way in the instrument, he indicates otherwise. *Ray v. Ray,* 270 N.C. 715, 155 S.E. 2d 185 (1967); *McCain v. Womble,* 265 N.C. 640, 144 S.E. 2d 857 (1965). As further authority for requiring a *per stirpes* distribution in this case, she points to two prior cases wherein this Court has given effect to the term *per stirpes.* First is *Walsh v. Friedman,* 219 N.C. 151, 13 S.E. 2d 250 (1941), wherein the language of the codicil was as follows:

> Upon the death of my daughter Catherine without having been married and without having entered a convent, I give and bequeath the same to and among such of my four sons, William S.; John F.; Charles H. and Henry C., as may be then living and the children then living of such as may have died *per stirpes,* in equal shares, absolutely.

Although the court pointed out that the question hardly arose, since all of the testator's children had died and only one left children, it interpreted the language to defeat what otherwise would have been a *per capita* distribution. Second, in *Lide v. Mears*, 231 N.C. 111, 56 S.E. 2d 404 (1949), the Court interpreted as requiring a *per stirpes* distribution to the testator's grandchildren the following language:

> That this trust shall remain in full force and effect for sixty years from the date of my death, at which time my said estate shall be equally divided between the heirs of my children, and they shall receive all of my property, both real, personal and mixed, *per stirpes.*

Appellee Crouch argues that the language in this case, like that in *Walsh* and *Lide*, must be interpreted to require a *per stirpes* distribution. We cannot agree. In both *Walsh* and *Lide*, the devisees were referred to not as the testator's grandchildren, but as "the children . . . of [the testator's sons]," and "heirs of [the testator's] children." The devisees here, on the other hand, are referred to as "my nieces and Nephews." Furthermore, the words "in equal shares" can only mean *per capita. See Ex parte Brogden*, 180 N.C. 157, 104 S.E. 177 (1920). The use of those words in the will not only buttresses the *per capita* presumption, but also indicates that the term *per stirpes* (which the testator spelled *per stripes*) was not intended to be given its technical meaning. *See Ray v. Ray*, 270 N.C. 715, 155 S.E. 2d 185; *McCain v. Womble*, 265 N.C. 640, 144 S.E. 2d 857; *Trust Co. v. Bryant*, 258 N.C. 482, 128 S.E. 2d 758; *In re Battle*, 227 N.C. 672, 44 S.E. 2d 212. We conclude that the testator did not intend to use the technical words "*per stirpes*" in their legal or technical sense as his use of the words "in equal shares" indicates otherwise. We therefore apply the general rule that where a bequest is to a class (here nieces and nephews) it takes *per capita* in the absence of clear language showing that the testator intended a different result.

The testator intended each of his nieces and nephews to receive an equal share of the trust assets upon its termination. Thus, we hold that a *per capita* distribution is required under the language of the will.

The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the Superior Court, Durham County. The Superior Court, Durham County shall vacate the entry of Summary Judgment for the appellee Betty Bugg Crouch and enter Summary Judgment for the appellants Livengood.

Reversed and remanded.

Justice MARTIN took no part in the consideration or decision of this case.