GRACIE SCHMIDT WELCH, EXECUTRIX OF THE ESTATE OF WILLIAM H. SCHMIDT, DECEASED v. WILLIAM H. SCHMIDT, JR.

No. 8229SC540

(Filed 3 May 1983)

**Wills § 32.1— wife predeceasing husband—construction of will**

Where a testator stated that his wife's death in a common accident, or within 30 days after his death, would have the same effect as if she had predeceased him, and where his wife predeceased him, it was "consistent with sound reasoning" to assume that he intended to provide for the disposition of his estate in the event that his wife predeceased him as well as in the event that his wife's death occurred in a common accident or within 30 days after his death.

APPEAL by respondent from *Freeman, Judge.* Judgment entered 4 March 1982 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 14 April 1983.

William H. Schmidt executed a will with the following pertinent provisions:

ITEM THREE

If my wife, MABEL G. SCHMIDT, survives me, then I will, devise and bequeath all the rest and residue of my property, real, personal and mixed, of every nature whatsoever, which I now own or may hereafter acquire, including any automobiles I may own at my death, to my wife, MABEL G. SCHMIDT, and her heirs, in fee simple absolute.

ITEM FOUR

If my wife, MABEL G. SCHMIDT, and I shall die in a common accident, or under circumstances which make it impossible or improbable to determine which of us predeceased the other, or if my said wife, MABEL G. SCHMIDT, shall die within thirty days after my death, then it is my will that this, my Last Will and Testament, shall operate as if my said wife, MABEL G. SCHMIDT, had predeceased me and in that event, and in that event only MABEL G. SCHMIDT, and her heirs shall take nothing from or through the preceding paragraphs of this, my Last Will and Testament, in which property was devised and bequeathed to her and her heirs.

ITEM SIX

I will, devise and bequeath to my daughter, GRACIE SCHMIDT WELCH, and her husband, MARSHALL WELCH, the following tract of land lying in Eastatoe Township, Transylvania County, North Carolina:

[Description omitted.]

ITEM SEVEN

If the death of my wife, MABEL G. SCHMIDT, shall occur as set forth in Item Four above, then I will, devise and bequeath all the rest and residue of my property, real, personal and mixed, of every nature whatsoever, which I now own or may hereafter acquire, in equal shares to my two children, WILLIAM H. SCHMIDT, JR. and GRACIE SCHMIDT WELCH, share and share alike, in fee simple absolute.

He subsequently executed a codicil amending Item Seven to read as follows:

If the death of my wife, MABEL G. SCHMIDT, shall occur as set forth in Item Four of my Last Will and Testament, then I devise all of the remaining real estate which I own in what is known as the Rainbow Lake property in Eastatoe Township, Transylvania County, State of North Carolina, to my daughter, GRACIE SCHMIDT WELCH. All the rest and residue of my property, real, personal and mixed, of every nature whatsoever, which I now own or may hereafter acquire, I will devise and bequeath to my two children

WILLIAM H. SCHMIDT, JR. and GRACIE SCHMIDT WELCH, in equal shares, share and share alike, in fee simple absolute.

Schmidt died survived by his children, petitioner Gracie Schmidt Welch, and respondent William H. Schmidt, Jr. His wife predeceased him by more than two months.

Petitioner sought a declaration that under the will she took the Eastatoe Township property in fee simple. Respondent answered contending that he and petitioner owned the property as tenants in common.

After making findings of fact and conclusions of law, the court entered judgment declaring petitioner the fee simple owner of the property. Respondent appeals.

*Averette & Barton, by Donald H. Barton, for petitioner appellee.*

*Ramsey, Smart, Ramsey & Hunt, P.A., by Michael K. Pratt, for respondent appellant.*

WHICHARD, Judge.

Respondent assigns error to the finding that the intent of the testator, as disclosed by Items Four and Seven of the will and Item Seven of the codicil, was to provide for the distribution of his estate if (1) his wife predeceased him, (2) her death occurred within thirty days of his, or (3) he and his wife died in a common accident. He argues that Item Seven would apply only if the testator and his wife had died in a common accident, or if she had died within thirty days of his death; that the testator's intent was to allow the devise to lapse if neither of those conditions occurred; that neither of those conditions occurred, and the property in question thus passed by intestacy. He argues, alternatively, that the property passed under the residuary clause of Item Seven. We disagree, and accordingly affirm.

> Where one undertakes to make a will, the presumption is that the instrument disposes of all of testator's property, not leaving a residue to pass under laws governing intestacy. *Poindexter v. Trust Co., supra* [258 N.C. 371, 128 S.E. 2d 867]; *Little v. Trust Co.,* 252 N.C. 229, 113 S.E. 2d 689. "Having undertaken to make a will at all, it is not consistent with

sound reasoning that the testator would have left his estate dangling." *Coddington v. Stone*, 217 N.C. 714, 9 S.E. 2d 420. *In re Will of Wilson*, 260 N.C. 482, 484, 133 S.E. 2d 189, 191 (1963). The testator here stated that his wife's death in a common accident, or within thirty days after his death, would have the same effect as if she had predeceased him. Having so provided, it would not be "consistent with sound reasoning" to assume that he intended to leave his estate "dangling" by making no provision for disposition in the event that his wife in fact predeceased him.

"To effectuate the intention of the testator the court may transpose or supply words, phrases and clauses when the sense of the devise in question 'as collected from the context manifestly requires it.'" *Jernigan v. Lee*, 279 N.C. 341, 344-45, 182 S.E. 2d 351, 354 (1971). It is evident from the four corners of the will that the testator intended to devise the property in question to the petitioner. In Item Six of his will he unconditionally devised to her a described portion of his Eastatoe Township property. In the codicil he devised to her his "remaining real estate" in that township "[i]f the death of [his] wife . . . occur[red] as set forth in Item Four" of the will. Item Four dealt with circumstances in which his wife was to be deemed to have predeceased him. The foregoing evidences an intent to devise to petitioner, in the event testator's wife predeceased him, all of his Eastatoe Township property.

Respondent contends the court erred in declaring petitioner "the owner in fee simple" of this property, because there was no evidence that the testator held fee simple title. A devise of real estate must be construed to be in fee simple unless the will plainly shows "that the testator intended to convey an estate of less dignity." G.S. 31-38 (1976). The will does not plainly show such an intent. On the contrary, it plainly indicates an intent to devise in fee simple.

Affirmed.

Judges WEBB and BRASWELL concur.