McKinney v. Mosteller

---

NEIL WILSON McKINNEY, EXECUTOR OF THE ESTATE OF GORDON HENRY BAK-ER v. NITA MOSTELLER, CHARLES MOSTELLER, HARRY INGOLD, ED-WARD BAKER INGOLD, NELLIE KATE INGOLD HARDIN, JOE R. HILTON, MISS RUBY HILTON, RACHEL WILLIS TROXLER, JOHN DAVID WILLIS, EUGENE BAKER WILLIS, LORETZ L. RAMSEUR, HELEN RAMSEUR MARLEY, TAMMIE LEIGH McKINNEY, CASSIDY DALE HAMPTON, A MINOR, CHAD ELLIOTT HAMPTON, A MINOR, AN-DREW NEIL McKINNEY, A MINOR, JAMES ALDRIN McKINNEY, A MINOR

No. 8625SC777

(Filed 5 May 1987)

Wills §§ 28.4, 32.1 — distribution of residuary estate — intention of testator — gift by implication to children unrelated to testator

    A testator did not intend the distribution of his residuary estate to de-pend entirely upon whether or not his wife survived him, and a gift by implica-

tion could be found in favor of testator's friends where testator had indicated that his primary concern was to see that his wife would be provided for first; at the time testator made his will, he had a very close relationship with the children named therein; he indicated to a number of people his desire to make some provision for the education of the children; in none of his previous wills did testator make any provision for his heirs at law; and testator did provide a residuary clause indicating his intent that none of his property would pass by intestacy to his heirs at law.

APPEAL by defendants Tammie Leigh McKinney, Cassidy Dale Hampton, a minor, Chad Elliott Hampton, a minor, Andrew Neil McKinney, a minor, and James Aldrin McKinney, a minor, by and through their guardian ad litem from *Lewis (Robert D.), Judge.* Judgment entered 17 April 1986 in Superior Court, CATAWBA County. Heard in the Court of Appeals 17 December 1986.

This is a declaratory judgment action seeking the interpretation and construction of the last will of Gordon Henry Baker. The following opinion is limited to a determination as to whether Mr. Baker died partially intestate or whether he left a valid residuary clause. This determination depends upon whether the Court can infer that the language of Mr. Baker's will sufficiently expresses his intention that his residuary property be distributed one-half to Neil Wilson McKinney and his wife in fee simple and the balance in trust to the five Hampton and McKinney children. Any question of undue influence in the preparation of this will is not before this Court.

Gordon Henry Baker died on 16 November 1984. He was predeceased by his wife and son and left no lineal descendants. Between May 1970 and 16 September 1983, the date of his last will, he executed four wills and one codicil, all of which followed the same testamentary scheme. They provided for his wife for her life and his son for his life, with the final disposition of his estate to institutions or individuals not related to him.

Item Four of Baker's last will provides in part:

If my wife, Ione Harris Baker, does not survive me, then, and in that event, I will, devise and bequeath the 32.14 acre tract of land hereinafter described and also the approximately ten (10) acres of land hereinafter described, unto Neil Wilson McKinney and his wife, Loretta Boone McKinney, absolutely and in fee simple. . . .

Item Five of Baker's last will provides in part:

If my said wife, Ione Harris Baker, survives me, then and in that event, I direct that . . . my Executor shall deliver and convey all the rest and remainder of my aforesaid estate . . . to Neil Wilson McKinney, in Trust, for the use and purposes hereinafter set forth, and I direct that such remainder of my residuary estate hereinafter referred to as my Trust Estate so passing to my Trustee, shall be administered and disposed of upon the following terms and provisions, that is to say:

1. I direct that during the lifetime of my wife, Ione Harris Baker, the net income from my trust estate shall be paid over to my wife, Ione Harris Baker, or be applied for her benefit in monthly or quarterly installments.

. . .

3. . . . If said 32.14 acre tract of land and said approximately 10 acre tract of land is still owned by my Trust Estate at the time of the death of my wife, Ione Harris Baker, I direct my said Trustee or his successor to convey said property to my friends, Neil Wilson McKinney and wife, Loretta Boone McKinney, absolutely and in fee simple. . . .

4. The rest and remainder of the real property and other assets in my trust estate shall be sold at either public or private sale, and the proceeds of said sale added to the funds in said trust, and one half of the funds in said trust shall be given or transferred to my friends Neil Wilson McKinney and wife Loretta Boone McKinney, absolutely and in fee simple. . . .

5. The remaining one-half of said funds I direct my said Trustee to divide into five equal portions. One of the said five portions shall be used for the purpose of assisting each of the five children hereinafter named, to obtain an education. The five children are as follows: Cassidy Dale Hampton and Chad Elliott Hampton, who are the children of Ronald (Ronnie) Dale Hampton and Jean S. Hampton; and Andrew Neil McKinney, Tammy Leigh McKinney, and James Aldrin McKinney.

Baker was extremely fond of the Hampton and McKinney children and felt that the best way he could benefit them would be to provide for their education. Before his death, Mr. Baker expressed a desire to leave part of his estate to these five children and said that he did not want his relatives to receive anything.

Mr. Baker, however, failed to include a provision in his will for the distribution of his residuary estate, in the event his wife predeceased him. This in fact occurred, as Mrs. Baker died several months after the will's execution, but before her husband.

Neil Wilson McKinney, the executor of Baker's estate, filed a declaratory judgment action requesting the court to construe and interpret Baker's will, and to advise him as to the proper distribution of the residue of the estate. The named defendants in the action are Mr. Baker's heirs at law (his nieces and nephews), and the Hampton and McKinney children named in his will.

The trial court found that Item Five of Baker's will did not take effect, because the condition precedent to Item Five, that his wife survive him, did not occur. Therefore, the trial court found that the residuary portion of Mr. Baker's estate passed intestate to his heirs at law. From this judgment, the defendants named in Item Five of the will appeal.

*Sigmon, Clark and Mackie, by E. Fielding Clark, II, attorney for Tammy Lee McKinney, Guardian ad litem for Cassidy Dale Hampton, a Minor, Chad Elliott Hampton, a Minor, Andrew Neil McKinney, a Minor, and James Aldrin McKinney, a Minor, defendant appellants.*

*Charles E. Brooks, attorney for Eugene Baker Willis, defendant appellee.*

*Essex, Richards & Morris, P.A., by Stephen H. Morris, attorney for Helen Ramseur Marley, defendant appellee.*

*Joe P. Whitener, attorney for Nita Mosteller, Charles Mosteller, Harry Ingold, Edward Baker Ingold, Nellie Kate Ingold Hardin, Joe R. Hilton and Ruby Hilton, defendant appellees.*

ORR, Judge.

The sole question for determination on this appeal is whether Mr. Baker intended the distribution of his residuary estate to de-

pend entirely upon whether or not his wife survived him. We hold that Baker possessed no such intention.

"The paramount aim in the interpretation of a will is to ascertain if possible the intent of the testator." *Entwistle v. Covington*, 250 N.C. 315, 318, 108 S.E. 2d 603, 606 (1959). "This intent is to be gathered from a consideration of the will from its four corners, and such intent should be given effect *unless contrary to some rule of law* or at variance with public policy." *McCain v. Womble*, 265 N.C. 640, 644, 144 S.E. 2d 857, 860 (1965) (emphasis supplied). In addition, " '[i]n ascertaining the intent of the testator, the will is to be considered in the light of the conditions and circumstances existing *at the time the will was made.'* " *Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E. 2d 246, 250 (1956) (emphasis supplied and citations omitted).

Clearly Mr. Baker intended to provide educational trusts for the Hampton and McKinney children, regardless of whether or not his wife survived him. It would not be reasonable to assume that these trusts were conditioned solely on Mrs. Baker surviving her husband. Mr. Baker included the phrase, "if my wife survives me," in the beginning of Item Five of his will merely to insure that his wife would be provided for first. As was his intention in each of his previous wills, Mr. Baker wanted to be sure that his estate was used to take care of his wife for the rest of her life, before any remaining property was distributed to anyone else. Mr. Baker structured his wills in this manner because he always felt that his wife was going to survive him. Therefore, he had each will drawn with that as his first premise.

At the time he made his will, Mr. Baker had a very close relationship with the Hampton and McKinney children. All of these children visited him frequently, both when he was at his home and after he went to the nursing home. In fact, the relationship between Mr. Baker and the children was almost like that of a grandfather and grandchildren. Mr. Baker told his attorney that he wanted to do something for these children and he felt the best thing he could do for them would be to help them get an education.

Mr. Baker also told Mr. McKinney at the time that he made his last will that he did not want his relatives to receive any of his property when he died. He made this same statement to his

attorney and to a social worker at the nursing home. Finally, Mr. Baker told the social worker after his wife died that he had his will like he wanted it. He said that he wanted to see that the McKinney children got a good education and that now he could die in peace.

In searching a will to determine the testator's intent, "courts are guided by the presumption that 'one who makes a will is of disposing mind and memory and does not intend to die intestate as to any part of his property.'" *Wing v. Trust Co.*, 301 N.C. 456, 463, 272 S.E. 2d 90, 95 (1980) (citations omitted). "'Having undertaken to make a will at all, it is not consistent with sound reasoning that the testator would have left his estate dangling.' *Coddington v. Stone*, 217 N.C. 714, 720-21, 9 S.E. 2d 420, 424 (1940)." *Id.* at 463, 272 S.E. 2d at 95-96.

During his life Mr. Baker took time to execute four wills and one codicil, none of which expressed a desire to let any part of his estate pass by intestacy. Each will was designed to devise his entire estate, first to his wife, and then to institutions or individuals not related to him. Also, none of his wills left anything to his heirs at law.

The presumption against intestacy is strengthened by the presence of a residuary clause in a will. *Gordon v. Ehringhaus*, 190 N.C. 147, 150, 129 S.E. 187, 189 (1925). A residuary clause in a will should be construed so as to prevent an intestacy as to any part of the testator's estate, unless there is an apparent intent to the contrary, plainly and unequivocally expressed in the will. *Faison v. Middleton*, 171 N.C. 170, 172, 88 S.E. 141, 142 (1916).

The residuary clause in Mr. Baker's will stated that he wanted the "rest and remainder" of his estate, left after providing for Mrs. Baker, to pass one-half to the McKinneys and one-half to the Hampton and McKinney children in five equal portions. Mr. Baker intended through this residuary clause to dispose of all of his remaining property, so that none would pass by intestacy to his heirs at law.

If a testator's intention can be ascertained, it will be given effect, even though not declared in express terms. *Trust Co. v. Schneider*, 235 N.C. 446, 451, 70 S.E. 2d 578, 582 (1952). Although the law does not favor gifts by implication, they will be permitted

when it clearly appears to have been the intention of the testator. *Finch v. Honeycutt*, 246 N.C. 91, 98, 97 S.E. 2d 478, 484 (1957).

> 'If a reading of the whole will produces a conviction that the testator must necessarily have intended an interest to be given which is not bequeathed by express or formal words, the court may supply the defect by implication, and so mould the language of the testator as to carry into effect, so far as possible, the intention which it is of opinion that he has on the whole will sufficiently declared.' 1 Underhill on Wills Section 463.

*Id.*

In *Wing v. Trust Co.*, 301 N.C. 456, 272 S.E. 2d 90, the testator established a testamentary trust which did not provide for a distribution of the corpus upon the trust's termination. The Court stated:

> The trust provision of the will before us lends itself to two possible constructions. The silence of the will on the distribution of the corpus might be construed to mean that testator did not intend to dispose of the corpus by his will; the result of such construction would be to cause the corpus to pass by intestate succession to his heirs at law at the time of testator's death. Alternatively, the will as a whole might be construed to support a gift by implication of the trust corpus in favor of testator's natural born great nieces and great nephews in proportion to their income interests at the time of the termination of the trust.
>
>       . . .
>
> Here, testator's will does not expressly dispose of the corpus of the trust into which he placed the great bulk of his estate. If partial intestacy is to be avoided and the corpus is to pass under the will, then it must be through the vehicle of a bequest or gift clearly implied by the terms of the will.

*Id.* at 462-63, 272 S.E. 2d at 95-96.

The will in *Wing* stated "*I give, devise, and bequeath the remainder of my estate, of whatsoever kind, character or description, whether real or personal* into the hands of my brothers [as

executors and trustees] . . . ." *Id.* at 464, 272 S.E. 2d at 96 (emphasis supplied). The Court said that:

> [t]his language indicates that testator intended, by use of the trust, to dispose of his entire estate. When the language following an introductory phrase which purports to dispose of all of testator's property can be interpreted to result in complete disposition or partial intestacy, 'the introductory statement, *pointing to a complete disposition*, ought to be considered, and that sense adopted which will result in a disposition of the whole estate.' 1 Underhill, *supra*, § 464 (emphasis in original). Thus, the presence of this introductory statement is some evidence of testator's intent to dispose of the entire estate and supports the finding of a gift by implication.

*Id.*

This same logic should be followed in the case *sub judice*. In Section Four of Item Five of his will Baker states, "[t]he rest and remainder of the real property and other assets in my trust estate shall be sold at either public or private sale, and the proceeds of said sale added to the funds in said trust . . . ." As in *Wing*, this language indicates that Mr. Baker intended to dispose of all the rest of his property through the residuary clause. Therefore, Mr. Baker's entire estate should be disposed of by virtue of the introductory statement and a gift by implication should be found in favor of the McKinneys and the Hampton and McKinney children.

A gift by implication, however, cannot rest upon mere conjecture and will not be inferred except upon cogent reasoning. "The probability that the testator intended that which is imputed to him 'must be so strong that a contrary intention "cannot reasonably be supposed to exist in testator's mind," and cannot be indulged merely to avoid intestacy.' (Citations omitted.) However, the inference need not be irresistible; it is sufficient if all factors, taken as a whole, leave no doubt as to testator's intent." *Wing v. Trust Co.*, 301 N.C. at 464, 272 S.E. 2d at 96.

It cannot reasonably be assumed that Mr. Baker wished the devise of the residue of his estate to fail and pass by intestacy should his wife predecease him. In none of his previous wills had

he left any of his property to any of his heirs at law. This is some evidence that Mr. Baker did not wish his nieces and nephews to receive any of his property, which would occur if the residuary devise is allowed to pass by intestacy.

In *Welch v. Schmidt*, 62 N.C. App. 85, 302 S.E. 2d 10 (1983), the testator devised a tract of property to his daughter provided his wife died in a common accident or within thirty days after his death. The testator, however, failed to provide for the distribution of this tract of land in the event his wife predeceased him, which in fact happened. The court stated that it was "consistent with sound reasoning" to assume that he intended to provide for the disposition of the property in the event that his wife predeceased him, as well as in the event that his wife's death occurred in a common accident or within thirty days after his death. " 'To effectuate the intention of the testator the court may transpose or supply words, phrases and clauses when the sense of the devise in question "as collected from the context manifestly requires it." ' *Jernigan v. Lee*, 279 N.C. 341, 344-45, 182 S.E. 2d 351, 354 (1971)." *Id.* at 88, 302 S.E. 2d at 12.

The logic of *Welch* should also be applied to the case at hand. The phrase "if my wife survives me" should not prevent Mr. Baker's intentions from being accomplished or prevent the McKinneys from receiving one-half of the residuary estate and the Hampton and McKinney children from receiving their educational trusts.

From the circumstances existing at the time Mr. Baker executed his will, it may reasonably be inferred that he wished to provide for the McKinneys and the Hampton and McKinney children, regardless of whether or not his wife survived him. Furthermore, we find nothing in Mr. Baker's will that indicates that he intended part of his estate to pass by intestacy. Therefore, we hold that the residuary clause is valid and that the trial court should be reversed.

Reversed.

Judges ARNOLD and PHILLIPS concur.