[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Feeley, Nichols, Chase McDermott for plaintiff.
Kernan Henry for defendant.
The plaintiff, Sharon Holbrook, guardian and mother of Samara Moody, a minor child, brought this action on Samara's behalf against the defendant, Charles W. Henry, Executor of the Estate of Polly Deacon Moody. The action is an CT Page 7559 appeal from the orders and decree of the Probate Court, District of Woodbury, approving the executor's account and ordering the distribution of the estate of Polly Deacon Moody ("testatrix").
The testatrix died on July 24, 1992, survived by her four children, Peter Moody, David Moody, John Moody, and Linda Chilingar. Article four of the testatrix's will reads as follows:
 All of my rest, residue and remainder of my property, both real and personal . . . I give, devise and bequest to such among my issue who shall survive me, outright in shares per stirpes.
The probate court ordered that the testatrix's four children were entitled to take the distribution under article four.
John Moody, who is still alive, is the father of Samara Moody. The plaintiff, Samara Moody's mother and the ex-wife of John Moody, brought this action on Samara Moody's behalf alleging that Samara Moody is entitled to a share of the testatrix's estate by virtue of article four. The defendant has answered the plaintiff's reasons for appeal, admitting the essential factual allegations but denying the allegation that Samara Moody is entitled to the distribution of article four of the testatrix's will. The facts are undisputed and the appeal involves the construction of the phrase in article four reading "issue who shall survive me, outright in shares per stirpes."
Both parties have moved for summary judgment and have submitted memorandums in support of their respective positions on the appeal. Before the court as exhibits for the motions are the Last Will and Testament of the testatrix, the application for probate of the will, the Probate Court's decree granting probate of the will, the administration account and the probate court's decree of distribution.
Summary Judgment is permitted in any administrative appeal where the parties are entitled to a trial de novo. See Practice Book §§ 257(d) and 379.
 The function of the superior court in appeals from a probate court is to take jurisdiction of the order or decree appealed from and to try that issue de novo. . . . Thereafter, upon "consideration of all evidence presented on the appeal which would have been admissible in the probate court, the superior court should exercise the same power of judgment which the probate court possessed and decide the appeal as an original CT Page 7560 proposition unfettered by, and ignoring, the result reached in the probate court."
(Emphasis added.) Kerin v. Stangle, 209 Conn. 260, 263,550 A.2d 1069 (1988). Accordingly, the court is to try this appeal de novo, and therefore, summary judgment is appropriate. Id.; Practice Book §§ 257(d) and 379.
 Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
(Citations omitted; internal quotation marks omitted.) Connell v.Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
In will construction cases,
 [t]he construction of a will presents a question of law to be determined in light of facts which are found by the trial court or are undisputed or indisputable. . . . [The] primary objective in construing [a provision of a] will is to ascertain and effectuate [the testator or testatrix's] intent. . . . In searching for that intent, we look first to the precise wording employed by the testatrix in her will . . . for the meaning of the words as used by the testatrix is the equivalent of her legal intention — the intention that the law recognizes as dispositive. . . . The question is not what [s]he meant to say, but what is meant by what [s]he did say. The meaning of the words used by the testatrix in . . . her will is not to be deduced by extracting and examining the words in artificial isolation. . . . The words must be interpreted in light of their context within the [paragraph in which the words are located], and with reference to the will in its entirety. . . . Not only must all parts of the will be considered, but each and all its provisions should, so far as possible, be harmonized and given effect. . . . A court may not stray beyond the four corners of the will where the terms of the will are clear and unambiguous. . . .
(Citations omitted; internal quotation marks omitted.) CanaanNational Bank v. Peters, 217 Conn. 330, 335-36, 586 A.2d 562
(1991).
The plaintiff argues that the term "surviving issue," as used in CT Page 7561 article four, indicates all lineal descendants of the testatrix, including the testatrix's granddaughter. The plaintiff argues that as the granddaughter of the testatrix, she is a surviving issue and therefore, is entitled to take a share of residuary devise of article four.
The plaintiff argues that this construction of the term "issue" in article four is consistent with the language used by the testatrix in article two, which distributes the testatrix's personalty in shares "as equally as feasible among my children as shall survive me." The plaintiff argues that the use of the two different terms "issue" and "children" in the will indicates that the testatrix intended them to have different meanings.
The plaintiff is correct in this respect. The term "issue" has long been construed to include lineal descendants of every degree, unless otherwise restricted; Warren v. First New HavenNational Bank, 150 Conn. 120, 125-26, 186 A.2d 802 (1962);Stamford Trust Co. v. Lockwood, 98 Conn. 337, 345, 119 A. 218
(1922); and this construction applies to the present case.
The testatrix, however, restricted the term "issue" with the phrase "who shall survive me, outright in shares per stirpes." (Emphasis added.) As noted by the defendant, per stirpes has a common legal meaning, indicating that the devisees or legatees take by right of representation of the devisees' or legatees' deceased ancestor. Warren v. First New Haven National Bank, supra 150 Conn. 126. In other words, under a method of per stirpal distribution, a child takes his deceased parent's gift by representation, and the children of living parents take nothing. 1 Page, The Law of Wills, § 36.6.
The plaintiff urges the court "to attach no greater weight to the term per stirpes than it deserves," requesting that the distribution be made per capita. In per capita distribution, "a remote descendant of the [decedent] can share even though his parent is alive and also shares." Warren v. First New Haven National Bank, supra 150 Conn. 127, quoting Restatement, 3 Property § 303(1) comment i. The plaintiff cites to Wachovia Bank Trust Co. v.Livengood, 294 S.E.2d 319 (N.C. 1982), wherein the court found that a devise reading "in equal shares to my nieces and Nephews per Stripes [sic]" actually required per capita distribution. However, the court in that case relied on the general rule that "where a devise or bequest is made to a class, such as nephews and nieces, the devisees take per capita unless it clearly appears that CT Page 7562 the testator intended a different division." Id., 320. The court found that the testator's use of the phrase "in equal shares," in conjunction with the general rule for class distributions, indicated that the "term per stripes . . . was not intended to be given its technical meaning." Id. Wachovia Bank Trust Co. v. Livengood, supra, 294 S.E.2d 319, is distinguishable from the present case because, in the present case, there is no class gift, nor is there any language — such as "in equal shares" — that would countermand the technical meaning of the term per stirpes as used by the testatrix.
Contrary to the plaintiff's request to disregard the effect of the term per stirpes and thereby allow the plaintiff's daughter to take along with her father, the court in Warren v. First New HavenNational Bank, supra, 150 Conn. 127, noted that in Connecticut, "a construction of a will which admits children to compete with their living parents is to be avoided." (Emphasis added.) Id.; citing Culver v. Union New Haven Trust Co., 120 Conn. 97, 108,179 A. 487 (1935); Daskam v. Lockwood, 103 Conn. 54, 63,130 A. 92 (1925). Accordingly, the Warren court held that where a bequest is to issue, without any limitation, per capita distribution is not to be implied absent "express direction that the distribution be made per capita." Warren v. First New Haven National Bank, supra, 150 Conn. 127. The court in Warren, supra, therefore held that where the bequest is made solely to the issue of a person, the law imposes a per stirpal distribution and the descendants take by representation, absent an express direction that the bequest pass per capita.
Contrary to the assertions of the plaintiff, the court is required to determine the testatrix's legal intent from the ordinary meaning of the words used. Canaan National Bank v. Peters, supra217 Conn. 335-36. It is this legal intent that the law deems as dispositive, and to which the law gives effect. Id. In the present case, the testatrix expressly directed that the residuary estate pass to her surviving issue, per stirpes. Although Samara Moody is undoubtedly an issue of the testatrix, the testatrix chose to limit the distribution per stirpes. Accordingly, because the testatrix expressly directed that the distribution be made per stirpes, and because Samara Moody's father is still alive, Samara Moody is not entitled to take under article four of the testatrix's will. Warrenv. First New Haven National Bank, supra, 150 Conn. 127. Accordingly, the plaintiff's motion for summary judgment is denied and the defendant's motion for summary judgment is granted. CT Page 7563
SYLVESTER, JUDGE